No. 98-049

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 324N

STATE OF MONTANA,

Plaintiff and Respondent,

v.

RUDY STANKO,

Defendant and Appellant.

APPEAL FROM: District Court of the Fourteenth Judicial District,

In and for the County of Musselshell,

The Honorable Roy C. Rodeghiero, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Penelope S. Strong (argued), Attorney at Law;

Livingston, Montana

For Respondent:

Hon. Joseph P. Mazurek, Attorney General (argued);

Patricia J. Jordan, Assistant Attorney General; Helena, Montana

John Bohlman, Musselshell County Attorney; Roundup, Montana

Argued: October 14, 1998

Submitted: November 17, 1998

Decided: December 24, 1998

No

Filed:

_____

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

**¶1. Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.**

**¶2. The defendant, Rudy Stanko, was charged by amended complaint filed in the Justice Court for Musselshell County with reckless driving in violation of § 61-8-301 (1)(a), MCA, or in the alternative, with failure to drive at a reasonable and prudent speed in violation of § 61-8-303(1), MCA. Following trial by jury, he was found guilty of reckless driving and was sentenced. He appealed his conviction to the District Court for the Fourteenth Judicial District in Musselshell County where, on the day of trial, the State's complaint was amended to allege only a violation of the "basic rule" found at § 61-8-303(1), MCA. In District Court, he pled not guilty and moved to dismiss the charge against him on several bases, including his contention that the statute pursuant to which he was charged was unconstitutionally vague. He waived his right to trial by jury and was tried by the District Court. Following trial, the District Court denied his motion to dismiss, he was convicted as charged, and sentenced. He appeals his conviction to this Court. We reverse the judgment of the District Court.**

**¶3. The dispositive issue on appeal is whether § 61-8-303(1), MCA, is so vague that it violates the Due Process Clause found at Article II, Section 17, of the Montana Constitution.**

## FACTUAL BACKGROUND

¶4. The only witness to testify at the District Court trial was Officer Scott McDermott, the highway patrolman who arrested Stanko for violating the "basic rule." The facts are uncontested.

¶5. On October 1, 1996, Officer McDermott observed Stanko traveling south on U.S. Highway 87 north of Roundup as Stanko began to enter a curve. As Stanko came out of the curve, Officer McDermott clocked his speed by the use of a radar beam at 102 miles per hour. Officer McDermott stopped Stanko's vehicle, identified him, and charged him with reckless driving and failure to use his seat belt. He determined that the vehicle Stanko was operating was a 1978 Lincoln Continental, but did not otherwise inspect the vehicle's condition, and did not make any determination about the condition of its brakes.

¶6. As the basis for the reckless driving charge, he considered Stanko's speed, and the fact that he was operating his motor vehicle on a narrow road, with no shoulder, on a curve, with a strong cross-wind.

¶7. Officer McDermott did not identify any limitations on Stanko's sight distance, nor did he identify any weather conditions which made the road hazardous. Furthermore, he acknowledged that it was light out, there was no other traffic on the road at the time, and no other person was endangered by Stanko's operation of his vehicle.

¶8. Officer McDermott testified that he is aware that § 61-8-303(1), MCA, requires that a number of factors be taken into account when determining whether a motor vehicle operator's speed is unreasonable, but stated that there were no guidelines for weighing those factors or for their specific application, and testified that the Highway Patrol policy manual basically leaves it up to each individual officer to exercise good judgment in his or her enforcement of the "basic rule."

¶9. Prior to Stanko's District Court trial, the State, through the County Attorney's Office, pointed out that Stanko was charged with a motor vehicle violation because of the speed at which he was traveling. As an explanation for his motion to amend, the County Attorney stated:

I'd like to say that the reason for that is that the legislature has said during its last session that basic rule is our speeding statute. In fact, it is even called speed restrictions -- basic rule.

This is an issue where we have very pure facts I think and -- this is a matter, I should say, where the facts are very pure, and whether the basic rule statute can be used as a speeding statute can be clarified either by this Court or maybe by the Montana Supreme Court. And so I'm not criticizing the issuing of a ticket for reckless in any way. I'm simply saying that I think it will do the best good to address this as basic rule only.

## DISCUSSION

**¶10. Is § 61-8-303(1), MCA, so vague that it violates the Due Process Clause found at Article II, Section 17, of the Montana Constitution?**

**¶11. Whether a statute is constitutional is a question of law. We review a district court's application of the Constitution to determine if it is correct. *See State v. Schnittgen* (1996), 277 Mont. 291, 295-96, 922 P.2d 500, 503.**

**¶12. Stanko contends that § 61-8-303(1), MCA, is unconstitutionally vague because it fails to give a motorist of ordinary intelligence fair notice of the speed at which he or she violates the law, and because it delegates an important public policy matter, such as the appropriate speed on Montana's highways, to policemen, judges, and juries for resolution on a case-by-case basis.**

**¶13. The State denies that Montana's "basic rule" is unconstitutionally vague, but contends that even if it is impermissibly vague as applied in some situations, Stanko does not have standing to challenge the statute facially because his conduct in this case was clearly prohibited by the statute and "[o]ne to whose conduct a statute clearly applies may not successfully challenge it for vagueness." *Parker v. Levy* (1974), 417 U.S. 733, 756, 94 S. Ct. 2547, 2562, 41 L. Ed. 2d 439, 458.**

**¶14. We conclude that our prior decision in *State v. Stanko*, 1998 MT 321, controls the outcome in this case. In that case, we held that:**

[W]e conclude that that part of § 61-8-303(1), MCA, which makes it a criminal offense to operate a motor vehicle "at a rate of speed . . . greater than is reasonable and proper under the conditions existing at the point of operation" is void for vagueness on its face and in violation of the Due Process Clause of Article II, Section 17, of the Montana Constitution.

*Stanko, ¶30.*

**¶15. For these reasons, the judgment of the District Court is reversed. Because we reverse the judgment of the District Court, we need not address the other issues raised by the appellant.**

/S/ TERRY N. TRIEWEILER

We Concur:

Justice Jim Regnier dissenting.

**¶16. Based on the reasoning set out in my dissent to *State v. Stanko*, 1998 MT 321, I dissent from the foregoing opinion.**

/S/ JIM REGNIER

Justice Karla M. Gray joins in the foregoing dissenting opinion.

/S/ KARLA M. GRAY

Chief Justice J. A. Turnage dissenting:

**¶17. I respectfully dissent for the same reasons stated in my dissent in *State v. Stanko*, 1998 MT 321.**

/S/ J. A. TURNAGE